IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CRAIG E. ELLINGSON and SHERRY ELLINGSON, individually and as Co-Administrators for the ESTATE OF BRANDON ELLINGSON, deceased, and JENNIFER ELLINGSON, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:14-CV-04316-NKL |
| v. | ) ) | |
| ANTHONY PIERCY, et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

This case arises out of the drowning death of Brandon Ellingson, which happened while he was in the custody of Defendant Anthony Piercy, a Missouri State Trooper, serving in the Water Patrol Division, Troop F, of the Missouri State Highway Patrol. The Plaintiffs are Craig and Sherry Ellingson, Brandon's mother and father, and Jennifer Ellingson, Brandon's sister. They are suing Piercy and fifteen additional state or county employees, alleging the Defendants violated both federal and state law while Brandon was in custody and during the subsequent investigation of his death.

Before the Court is Defendants Justin McCullough, David Echternacht, Donald Barbour, Chris Harris, Timothy Fick, Sarah Eberhard, and Rick Herndon's Motion for Judgment on the Pleadings. [Doc. 68]. For the reasons set forth below, the Motion is granted in part. The Motion with respect to Counts IV, V, and VIII is denied. Count VI is dismissed with prejudice with respect to Jennifer Ellingson's claims against McCullough, Echternacht, and Barbour in their official capacities. Count VII is dismissed with prejudice with respect to Jennifer Ellingson's

1

claims against Eberhard and Herndon in their official capacities.

I. **Discussion**

Defendants McCullough, Echternact, Barbour, Harris, Fick, Eberhard, and Herndon move for judgment on the pleadings of Jennifer Ellingson's claims in Counts IV-VIII. Defendants argue Jennifer is precluded from bringing a cause of action against them pursuant to Missouri Revised Statute § 537.080. Section 537.080 enumerates specific classes of people who may sue for the wrongful death of another. Paragraph (1) of the statute specifies that the spouse or children or parents of the decedent may bring a wrongful death action. Paragraph (2) states that if no persons in paragraph (1) are entitled to bring an action, then a brother or sister of the decedent may bring the action. In all cases, only one action may be brought against any one defendant for the death of any one person. *See* Mo. Rev. Stat. § 537.080; *Call v. Heard*, 925 S.W.2d 840, 850 (Mo. 1996). "A party suing under the wrongful death statute must bring [herself] in [her] pleading and proof strictly within the statutory requirements necessary to confer the right. Otherwise, [her] petition states no cause of action, and [her] proof is insufficient to sustain [her] judgment." *Call*, 925 S.W.2d at 850.

A. **Counts IV, V, and VIII**

In their Motion and Suggestions in Support, Defendants McCullough, Echternact, Barbour, Harris, Fick, Eberhard, and Herndon moved for dismissal of Jennifer's claims in Counts IV through VIII. However, the claims in Counts IV, V, and VIII are not against McCullough, Echternact, Barbour, Harris, Fick, Eberhard, or Herndon. Counts IV and V are against Defendant Piercy and Count VIII is against the State of Missouri and the Missouri State Highway Patrol. Therefore, Defendants McCullough, Echternact, Barbour, Harris, Fick, Eberhard, and Herndon lack standing to challenge Jennifer's claims in Counts IV, V, and VIII.

2

This conclusion was conceded by Defendants in their Reply, and Defendants now state they only seek dismissal of Jennifer's claims against them in Counts VI and VII. [Doc. 81, p. 1]. Therefore, McCullough, Echternact, Barbour, Harris, Fick, Eberhard, and Herndon's Motion for Judgment on the Pleadings with respect to Counts IV, V, and VIII is denied.

### B. Counts VI and VII

Count VI is a negligent hiring, training, and supervision claim under Missouri Revised Statute § 537.080 against Defendants McCullough, Echternacht, and Barbour (among others). Count VII is also a negligent hiring, training, and supervision claim under § 537.080 against Defendants Eberhard and Herndon (among others). The Ellingsons' claims against these Defendants in their individual capacities have been dismissed, leaving only their official capacity claims. *See* [Doc. 95, pp. 23-25]. Both Jennifer Ellingson and her parents, Craig and Sherry Ellingson, are named plaintiffs in Counts VI and VII. However, under § 537.080, Jennifer is precluded from participating in Counts VI and VII because her parents brought the action under paragraph (1) of § 537.080. *See Call*, 925 S.W.2d at 850 (concluding that the decedent's sister could not participate in the wrongful death claims under § 537.080 because her mother was a named party in the same counts). The statute only permits a sibling to bring a wrongful death action if no persons in paragraph (1) are entitled to do so. In this case, Jennifer's parents are entitled to bring their wrongful death claims under paragraph (1), and so Jennifer is precluded from doing so under paragraph (2).

Jennifer concedes that "Missouri law has not yet recognized a cause of action or award for loss of consortium or other damages to a sibling of an individual killed by a tortfeasor." [Doc. 78, p. 6]. Nonetheless, Jennifer urges this Court to adopt the approach in *Wachocki v. Bernalillo Cnt'y Sheriff's Dept.*, 265 P.3d 701 (N.M. 2011), where the Supreme Court of New

3

Mexico, applying New Mexico law, granted review to consider whether loss of consortium claims may be brought by siblings. In *Wachocki*, a brother sought recovery for loss of consortium after his brother was struck by a speeding van driven by a corrections officer. His parents also sued under the same action. The Supreme Court of New Mexico concluded that a sibling could bring a loss-of-consortium claim under certain circumstances. *Id.* at 704. However, unlike in this case, there was no statute in *Wachoki* expressly permitting *either* a decedent's parents *or* his sibling to bring a wrongful death claim. Section 537.080 is clear that a decedent's sibling can bring a wrongful death action only if the decedent's parents, spouse, or children are not entitled to do so. The Supreme Court of Missouri has also dismissed a wrongful death claim by a decedent's sibling where her parents were also named plaintiffs. *See Call*, 925 S.W.2d at 850. To the extent that Jennifer argues a loss of sibling consortium claim separate from § 537.080 should be recognized, this Court declines to expand the scope of Missouri law. If Missouri is to recognize a cause of action for loss of consortium by the sibling of the decedent, "the decision to do so should be made by the legislature and not by this Court." *See Powell v. American Motors Corp.*, 834 S.W.2d 184, 185 (Mo. en banc 1992) (rejecting cause of action for loss of parental or filial consortium).

Because Jennifer's parents are named plaintiffs to Counts VI and VII under paragraph (1) of § 537.080, Jennifer is precluded by § 537.080 from bringing the same claims against the Defendants. Therefore, Jennifer's claims against McCullough, Echternacht, and Barbour in Count VI and against Eberhard and Herndon in Count VII are dismissed with prejudice.

**II. Conclusion**

For the reasons set forth above, Defendants McCullough, Echternact, Barbour, Harris, Fick, Eberhard, and Herndon's Motion for Judgment on the Pleadings, [Doc. 68], is granted in

part. Defendants' Motion with respect to Counts IV, V, and VIII is denied. Count VI is dismissed with prejudice with respect to Jennifer Ellingson's claims against McCullough, Echternacht, and Barbour in their official capacities. Count VII is dismissed with prejudice with respect to Jennifer Ellingson's claims against Eberhard and Herndon in their official capacities.

             s/ Nanette K. Laughrey
             NANETTE K. LAUGHREY
             United States District Judge

Dated: June 30, 2015
Jefferson City, Missouri